BAKER *v.* WISHART.

1. Trial—Appeal from Justice's Court—Conduct of Counsel.
    On the trial of an appeal from justice's court it was not reversible error to ask of a witness whether the jury in justice's court had not passed on one of the issues to be tried, the question being objected to and the objection sustained.

2. Same—New Trial—Motions.
    *Held* that the verdict in an action of replevin was not contrary to the weight of the evidence.

Error to Van Buren; Des Voignes, J. Submitted January 13, 1913. (Docket No. 71.) Decided March 20, 1913.

Replevin in justice's court by Charles W. Baker against William W. Wishart for a pony. On appeal plaintiff obtained judgment. Defendant brings error. Affirmed.

*William J. Barnard*, for appellant.

*Thos. J. Cavanaugh*, for appellee.

Moore, J. This is a replevin case begun in justice's court and appealed to the circuit court. The case involves

the ownership of a pony. The plaintiff claims the pony was given to him by the defendant on condition that he should not part with her, and that when she died she was to be given a decent burial. The defendant claims the plaintiff was to take the pony and keep her until the defendant needed her, and that when defendant needed her plaintiff should return her to defendant as freely as plaintiff took her. Upon this issue the case was tried and a verdict rendered in favor of the plaintiff. The case is brought to this court by writ of error.

The appellant relies upon the following:

(1) Prejudicial questions asked by counsel and improper remarks made by counsel.

(2) The refusal of the court to grant the defendant a new trial.

(3) Errors committed in the charge of the court given *sua sponte.*

(4) Errors committed in refusing the defendant's requests.

These subjects will be discussed in their order.

1. Under this head counsel say that the questions were attempts to "get before jury by innuendo the fact that said cause had been tried in the justice's court and a verdict rendered adversely to the defendant, and to lead the jury to believe that the question of demand had been squarely passed upon by that court and was in effect permitting the lawyer to testify without being under oath, in his client's behalf," and we are referred to page 33 of the record. A reference to the record shows that the objection made by counsel for appellant to the question was sustained.[1] There was a full examination by counsel for both parties before this court in relation to what occurred in justice's court. One cannot read the record without reaching the conclusion that counsel for both sides were very zealous for their clients, making it difficult for the judge to keep them within the rules; but we think

---

[1] The *question referred to was:* "Well, the jury passed upon the question as to whether there was a demand made or not, didn't they?"—REPORTER.

the court did not err in his rulings as to the admission of testimony.

2. As to the new trial; the motion alleged: (*a*) Because the verdict of the jury was contrary to the evidence in the case. (*b*) Because the verdict of the jury was against the weight of the evidence in the case. (*c*) Because the verdict was contrary to the law. The trial judge was of the opinion that none of these reasons were well taken. An examination of the record does not convince us he was wrong in this conclusion.

3 and 4 may be considered together. The questions involved were simple, and the law applicable thereto was not complicated. The trial judge in his general charge fully covered the case.

Judgment is affirmed.

STEERE, C. J., and MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.